IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| SANTANGELO FUNDERBURG, AIS 291984 | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | CASE NO. 2:25-cv-773-RAH-SMD |
| TALLADEGA COUNTY, | ) ) | |
| Respondent. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

### INTRODUCTION

Santangelo Funderburg, an inmate proceeding pro se, filed a petition for writ of mandamus under 28 U.S.C. § 1361 that the Court has construed as a Petition for Writ of Habeau Corpus under 28 U.S.C. § 2254. On February 27, 2026, the Court ordered Funderburg to show cause why his Petition should not be dismissed as time-barred. On March 13, 2026, Funderburg filed his response. Upon consideration of Funderburg's filings, and for the reasons stated below, Funderburg's Petition will be denied without an evidentiary hearing as time barred and therefore will be dismissed with prejudice.

## BACKGROUND

On September 24, 2013, Funderburg appeared in the Circuit Court of Talladega County, Alabama and pled guilty to first-degree robbery.[1] On October 30, 2013, the trial court sentenced Funderburg to 186 months of imprisonment.

Funderburg filed a Rule 32 petition on April 24, 2014, that was denied by the trial court on June 30, 2014, and upheld on appeal on February 18, 2015. Funderburg also filed a motion for reconsideration on October 19, 2015, which was denied on November 20, 2015.

On September 25, 2025, Funderburg filed the instant Petition. In his Petition, Funderburg argues that instead of being convicted of first-degree robbery, he should have been convicted of second-degree robbery based on the actual circumstances of his criminal conduct. He asks the Court to give him the same sentence as his co-defendant and release him from incarceration and parole.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following time limitations for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] Funderburg's state court records are available on Alacourt.com. The Court takes judicial notice of those records. *See Horne v. Potter*, 392 F. App'x 800, 802 (11th Cir. 2010) (concluding that a district court may properly take judicial notice of documents related to another lawsuit because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" (quoting Fed. R. Evid. 201(b))). Accordingly, this background and summary of Funderburg's state judicial proceedings, *see* Case Number CC-2013-137.00, Circuit Court of Talladega County, Alabama, come from those records found on Alacourt.com.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Under 28 U.S.C. § 2244(d)(2), AEDPA's one-year limitation period is tolled during the pendency of a properly filed state court petition. While Funderburg did file a motion for reconsideration, as well as a Rule 32 petition, those filings became final nearly a decade ago. As a result, Funderburg's § 2254 Petition, filed on September 25, 2025, was filed too late.

The tolling provisions of 28 U.S.C. § 2244(d)(1)(B)-(D) provide no safe harbor either. Nothing credibly suggests that there was unlawful state action that impeded Funderburg from filing a timely petition, *see* § 2254(d)(1)(B); Funderburg presents no claim resting on a "right [that] had been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," *see* § 2254(d)(1)(C); and Funderburg submits no ground for relief with a factual

3

predicate not discoverable earlier with due diligence, § 2254(d)(1)(D). As such, Funderburg has not shown his entitlement to statutory tolling.

The limitation period in federal habeas proceedings may be equitably tolled "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010).

The Eleventh Circuit has made clear that "[t]he burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner" and "[m]ere conclusory allegations are insufficient to raise the issues of equitable tolling." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011). Thus, "the allegations supporting equitable tolling must be specific and not conclusionary." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012).

Here, Funderburg argues that he has been pursuing his rights diligently and that an extraordinary circumstance exists that would justify equitable tolling, namely, that he has faced significant limitations while incarcerated including limited access to legal materials and assistance. This is not enough for equitable tolling. Indeed, the Eleventh Circuit has consistently held that these circumstances do not amount to an "extraordinary circumstance" for equitable tolling purposes. *See Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004) ("[Petitioner] suggests that lockdowns and periods in which a prisoner is separated from his legal papers are not 'extraordinary circumstances' in which equitable tolling is appropriate." (citing *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000))); *Miller v. Florida*, 307 F. App'x 366, 367–68 (11th Cir. 2009) (rejecting petitioner's contention that his

4

lack of access to prison law clerks was an extraordinary circumstance for purposes of equitable tolling).

Funderburg finally argues that a fundamental miscarriage of justice would occur if his petition is denied as untimely. A fundamental miscarriage of justice generally occurs "only when a constitutional violation has probably resulted in the conviction of…[an] innocent [person]." *Carruth v. Comm'r, Ala. Dep't of Cor.*, 93 F.4th 1338, 1355 (11th Cir. 2024) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "To be credible, a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (citing *Schlup*, 513 U.S. at 324). Thus, a petitioner will be considered actually innocent only if they can demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence presented in his habeas petition." *Calderon*, 523 U.S. at 538 (internal quotations omitted). Because of this high standard, "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324 (internal quotations omitted).

Funderburg argues that a fundamental miscarriage of justice has occurred because he is actually innocent of first-degree robbery and should have only been convicted of second-degree robbery under the circumstances of his conduct. This of course ignores the fact that Funderburg voluntarily pleaded guilty to the first-degree robbery criminal charge in a negotiated plea deal with the State.[2] And it also ignores that Funderburg's argument actually acknowledges that he was guilty of criminal

---

[2] *See, e.g., Cone v. Corcoran State Prison Warden*, No. 5:24-cv-02055, 2025 WL 1698699, at *6 (C.D. Cal. Apr. 30, 2025) ("As other courts have noted, the actual-innocence standard does not readily lend itself to petitioners who pleaded guilty") (internal quotation marks and citation omitted); *Ceja-Vargas v. United States*, No. 4:16cv594, 2019 WL 3886438, at *1 (E.D. Tex. Aug. 19, 2019) ("Many courts have been unwilling to allow prisoners to invoke actual innocence claims after pleading guilty.").

conduct. Simply put, his actual innocence claim does not fit into that type of claim necessarily contemplated as a legitimate actual innocence claim. Actual innocence generally means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). Moreover, Funderburg presents no new exculpatory scientific evidence, trustworthy eyewitness accounts, critical physical evidence, or anything other than conclusory allegations that lack any factual support. As a result, Funderburg has failed to show that he is "actually innocent" for purposes of invoking the fundamental miscarriage of justice exception. Final judgment will be entered separately.

**CONCLUSION**

For the above reasons, it is **ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **DENIED** without an evidentiary hearing, and this case is **DISMISSED WITH PREJUDICE**.

**DONE** and **ORDERED** on this the 3rd day of April 2026.

R. AUSTIN HUFFAKER, JR.
CHIEF UNITED STATES DISTRICT JUDGE

6
